UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND, and
APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, et al.,

                           Plaintiffs,

        -v-

ONYX GLASS & METAL CORP. and PALADIN
CONSTRUCTION CORP.,

                           Defendants.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/1/2015

14 Civ. 7333 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

      On April 17, 2015, plaintiffs commenced this action—pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3); Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185; and Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9—to confirm an arbitration award (the "Award") issued against defendant Paladin Construction Corp. ("Paladin"). Dkt. 36 ("FAC"). The plaintiffs are the Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educational and Industry Fund; Trustees of the New York City Carpenters Relief and Charity Fund (collectively, "the Funds"); the New York City and Vicinity Carpenters Labor-Management Corporation; and the New York City District Council of Carpenters ("the Union")

(collectively, "plaintiffs"). Plaintiffs now move to confirm the Award and for attorneys' fees. For the reasons that follow, with modest modifications, the Court grants plaintiffs' motion.

## I.  Background[1]

### A.  The Parties

With respect to plaintiffs: First, the Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educational and Industry Fund are "employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA." FAC ¶ 4. They are "fiduciaries of the [] funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21)." *Id.* Second, the Trustees of the New York City Carpenters Relief and Charity Fund are trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). *Id.* ¶ 5. Third, the New York City and Vicinity Carpenters Labor-Management Corporation is a non-profit corporation. *Id.* ¶ 6. Fourth, plaintiff New York City District Council of Carpenters (the "Union") is a labor union that represents employees. *Id.* ¶ 10. All plaintiffs are based in New York, New York. *Id.* ¶¶ 4–6.

Defendant Paladin is a New York corporation. *Id.* ¶ 8. At all relevant times, Paladin was an employer within the meaning of § 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of § 501 of the LMRA, 29 U.S.C. § 142. *Id.* Also at all relevant times, Paladin was a party to a collective bargaining agreement (the "CBA") with the Union. *Id.* ¶ 19; *see also* Powers Decl., Ex. A ("CBA").

---

[1] The following undisputed facts are derived from the First Amended Complaint, Dkt. 36 ("FAC"); the Declaration of Luke Powers in support of plaintiffs' motion to confirm the arbitration award, Dkt. 55 ("Powers Decl."); the Declaration of Michael Isaac in support of plaintiffs' motion to confirm the arbitration award, Dkt. 56 ("Isaac Decl."); and plaintiffs' memorandum of law in support of their motion, Dkt. 57 ("Pl. Br.").

### B. The Collective Bargaining Agreement

Under Article XV of the CBA, Paladin was required to remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union. Powers Decl. ¶ 4; CBA Art. XV, § 1. The same provision of the CBA required Paladin to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit in order to ensure compliance with required benefit fund contributions. Powers Decl. ¶ 5; CBA Art. XV, § 1 ("It shall be a violation of this Agreement for any Employer, . . . bound by this Agreement, to fail to furnish proper records when requested, for the purpose of completing an audit.").

Pursuant to the CBA, the plaintiffs attempted to conduct an audit of Paladin for the period from December 28, 2011 through January 21, 2015. Powers Decl. ¶ 6. However, Paladin refused to comply with the Funds' demands to furnish its books and records. *Id.* ¶ 7.

At that point, the Funds invoked the CBA's arbitration clause and submitted the dispute to arbitration. *Id.* ¶ 8; *see also* CBA Art. XV, § 7 ("Should any dispute or disagreement arise between the parties hereto . . . concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder . . . ."); *accord id.* Art. XII, § 2 ("Any grievance not resolved [by negotiation] shall be submitted to arbitration . . . .").

### C. The Arbitration Award

On January 23, 2015, plaintiffs sent Paladin a Notice of Intention to Arbitrate regarding delinquent contributions from December 28, 2011 through January 21, 2015. *See* Powers Decl. ¶ 8; *id.* Ex. B. Plaintiffs have provided a postal receipt, *see id.* Ex. B, which is all the CBA requires to prove proper service, *see* CBA Art. XV, § 7; Art. XII, § 2. The dispute was

3

submitted to Roger E. Maher, Esq., an approved arbitrator listed in the CBA. *See id.* Art. XV, § 7.

On January 30, 2015, Maher scheduled a hearing for March 5, 2015. *See* Powers Decl., Ex. C (the "Award"). Paladin did not request an adjournment or extension of time. *Id.* On March 5, 2015, plaintiffs appeared but Paladin did not. *Id.* Maher found Paladin in default and, consistent with the CBA, *see, e.g.*, Art. XII, § 2, he heard testimony and took evidence on plaintiffs' claims. *See* Award.

On March 10, 2015, Maher issued the Award. *Id.* He held that the CBA became effective between the parties on April 23, 2010. *Id.* He further ruled that, based on plaintiffs' "substantial and credible evidence," Paladin violated the CBA by failing to permit the Funds' auditors to examine its books and records, as required by the CBA. *Id.* Maher determined that Paladin owed plaintiffs a total of $66,703.01, consisting of: (1) an estimated principal deficiency of $49,766.40; (2) interest of $4,291.33; (3) liquidated damages of $9,953.28; (4) promotional fund contributions of $292; (5) court costs of $400; (6) attorneys' fees of $1,500; and (7) an arbitrator's fee of $500. *Id.* Maher ruled that interest would accrue, on the total Award (*i.e.*, $66,703.01), at the rate of 5.25% from the date of the Award. *Id.* Paladin has not paid the Award. Powers Decl. ¶ 10.

### D. This Action

Unlike many motions to confirm arbitration awards, here the pending motion is only one portion of an ongoing, larger case. Specifically, on September 10, 2014, plaintiffs filed their original Complaint in this case against Onyx Glass & Metal Corp. ("Onyx"), Dkt. 1; plaintiffs' claims against Onyx are not directly at issue on this motion. However, this motion is at least

potentially relevant for Onyx, because—in the broader lawsuit—plaintiffs allege that Onyx and Paladin are alter egos of each other.

After Maher issued the Award, plaintiffs sought (and obtained, *see* Dkt. 35) leave to amend their complaint, and, on April 17, 2015, they filed their First Amended Complaint.  Dkt. 36.  On May 6, 2015, plaintiffs filed proof of service on the docket sheet, reflecting that Paladin had been served on April 27, 2015.  Dkt. 43.  Paladin's answer was due May 18, 2015.  *Id.* Despite this, Paladin has failed to appear or answer the FAC.  On June 15, 2015, plaintiffs filed a motion to confirm the arbitration award against Paladin, Dkt. 54, along with a supporting brief, Dkt. 57 ("Pl. Br."), and two declarations, Dkt. 55–56.  Paladin's opposition to plaintiffs' motion was due June 29, 2015.  Dkt. 54.  To date, Paladin has not opposed this motion.

## II.   Discussion

### A.   Legal Standard

"Arbitration awards are not self-enforcing"; "they must be given force and effect by being converted to judicial orders by courts."  *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420 (WHP), 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006)).  The FAA provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award.'" *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).  "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citations omitted).  In this Circuit, "[t]he showing required to avoid summary confirmation of an arbitration award is

high." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman*, 2011 WL 6778499, at *2 (quoting *Willemijn*, 103 F.3d at 12). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

A motion to confirm an arbitration award against a party that has failed to appear in the action is evaluated under the legal standard applicable to a motion for summary judgment. *D.H. Blair*, 462 F.3d at 109. To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (citations omitted). To survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). "Only disputes over facts that might affect the outcome of the suit under the governing law will preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). In reviewing an unopposed motion for confirmation of an arbitration award, a court:

> may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (citations omitted). Where "there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law . . . a court must confirm the award upon the timely application of any party." *Herrenknecht Corp. v. Best Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007) (citing 9 U.S.C. § 9; *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

### B. Confirmation of the Arbitration Award

On the basis of the Award, and on the very limited review that is appropriate, the Court finds that summary judgment is warranted, as plaintiffs have shown there is no material issue of fact in dispute. The arbitrator acted within the scope of the authority granted him by the parties. *See, e.g.*, CBA Art. XII, § 2; *id.* Art. XV, § 7. The arbitrator found, *inter alia*, that the

CBA required Paladin to permit the Funds auditors to examine its books and records when requested by the Funds to conduct an audit to ensure compliance with required contributions. After hearing testimony and receiving plaintiffs' "substantial and credible evidence," the arbitrator found that Paladin violated this provision of the CBA.  From this, this Court concludes that there is at least, and by all indications more than, a "barely colorable justification for the outcome reached."  *Landy Michaels Realty Corp.*, 954 F.2d at 797.  Accordingly, the Court confirms the Award in favor of plaintiffs, for a total amount of $66,703.01, plus 5.25% interest from March 10, 2015 (the date of the arbitrator's Award).

### C.     Attorneys' Fees and Costs

Plaintiffs also seek reasonable attorneys' fees and costs, to which they are entitled under the CBAs and ERISA § 502(g)(2).  *See* CBA Art. XV, § 6(a) ("In the event that formal proceedings are instituted before a court of competent jurisdiction by the trustees of a Benefit Fund or Funds to collect delinquent contributions to such Fund(s), and if such court renders a judgment in favor of such Fund(s), the Employer shall pay to such Fund(s) . . . reasonable attorney's fees and costs of the action . . . ."); 29 U.S.C. § 1132(g)(2) ("In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan— . . . (D) reasonable attorney's fees and costs of the action, to be paid by the defendant . . . ."); *see generally Sheet Metal Workers Nat'l Pension Fund v. Evans*, No. 12 Civ. 3049 (JFB) (GRB), 2014 WL 2600095, at *8 (E.D.N.Y. June 11, 2014).

#### 1.     Attorneys' Fees

The party seeking attorneys' fees "bears the burden of . . . documenting the appropriate hours expended and hourly rates."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  The starting

8

point for calculating a "presumptively reasonable fee" is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see generally Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010). "The presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 493 F.3d 110, 112, 118 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008)). Courts are obliged to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quoting *Hensley*, 461 U.S. at 434). The reasonableness of hourly rates are guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant community is this District. *Arbor Hill Concerned Citizens*, 522 F.3d at 190–91.

Here, plaintiffs seek attorneys' fees of $9,925.06, reflecting 45.6 hours of work. *See* Isaac Decl. ¶ 8. To support their request for such fees, plaintiffs' counsel submitted a declaration that, *inter alia*, contains invoices that detailed the tasks performed and the hours worked. *See id.* Ex. A. This declaration also provides the hourly rates and experience of the relevant individuals. Specifically, it reflects that one attorney, Michael Bauman, Esq., is Of Counsel at Virginia & Ambinder, LLP ("V&A"), and has regularly represented ERISA benefit funds for more than 20 years. *Id.* ¶ 4. Bauman billed at a rate of $300 per hour. *Id.* Another attorney, Michael Isaac, Esq., graduated law school in 2007, is an associate at V&A, and regularly represents multiemployer benefit plans in ERISA litigation. *Id.* ¶ 3. He billed at a rate of $225 per hour.

9

*Id.* A third attorney, Jonathan Roffe, Esq., graduated law school in 2014, is an associate at V&A, and billed at a rate of $225 per hour. *Id.* ¶ 5. Finally, V&A billed legal assistants' time at a rate of $100 per hour. *Id.* ¶ 6.

"In the Southern District of New York, fee rates for experienced attorneys in small firms generally range from $250 to $450 in civil cases." *Watkins v. Smith*, No. 12 Civ. 4635 (DLC), 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015) (citing, *inter alia*, *K.L. v. Warwick Valley Cent. Sch. Dist.*, 12 Civ. 6313 (DLC), 2013 WL 4766339, at *7 (S.D.N.Y. Sept. 5, 2013), *aff'd*, 584 F. App'x 17 (2d Cir. 2014) (summary order)); *see also Shihan Chen v. Arts Nail Putnam Valley, Inc.*, No. 14 Civ. 3037 (ALC) (JCF), 2015 WL 2381033, at *1 (S.D.N.Y. May 13, 2015) ("The rate of $350.00 per hour charged by plaintiffs' counsel Jian Hang is reasonable for the principal of a small firm in this district.") (citing *Tucker v. City of New York*, 704 F. Supp. 2d 347, 361 (S.D.N.Y. 2010) (awarding hourly rate of $350); *Shaw Family Archives, Ltd. v. CMC Worldwide, Inc.*, 589 F. Supp. 2d 331, 339–40 (S.D.N.Y. 2008) (awarding hourly rate of $400)). Accordingly, the Court approves a rate of $300 per hour for Bauman.

As to Isaac, courts in this District have found rates of $125–$300 per hour reasonable for associates, depending on, *inter alia*, their experience. Specifically, "[c]ourts in this district have awarded a rate of $300 per hour for senior associates with at least eight years of experience," while they "typically award rates in the range of $125–215 to associates with three years of experience or less." *Apolinario v. Luis Angie Deli Grocery Inc.*, No. 14 Civ. 2328 (GHW), 2015 WL 4522984, at *3 (S.D.N.Y. July 27, 2015) (collecting cases). Courts have awarded up to $300 per hour for associates in ERISA cases. *See, e.g.*, *N.Y.C. Dist. Council of Carpenters v. Rock-It Contracting, Inc.*, No. 09 Civ. 9479 (JGK) (AJP), 2010 WL 1140720, at *4 (S.D.N.Y. Mar. 26, 2010), *report and recommendation adopted*, 2010 WL 1558568 (S.D.N.Y. Apr. 19,

2010) (collecting cases); *N.Y. Dist. Council of Carpenters Pension Fund v. Perimeter Interiors, Inc.*, 657 F. Supp. 2d 410, 424 (S.D.N.Y. 2009). For associates, courts have also awarded the precise rate, $225, which Isaac seeks here. *See, e.g.*, *Sheet Metal Workers' Nat'l Pension Fund v. Maximum Metal Manufacturers Inc.*, No. 13 Civ. 7741 (PAE), 2015 WL 4935116, at *10 (S.D.N.Y. Aug. 18, 2015). And this rate is reasonable in light of Isaac's experience. *Cf. Apolinario*, 2015 WL 4522984, at *3. Accordingly the Court approves a rate of $225 per hour for Isaac.

As to Roffe, the Court will approve a reduced rate of $175. That rate is significantly more in line with approved rates in this District. *See, e.g.*, *Agudelo v. E & D LLC*, No. 12 Civ. 960 (HB), 2013 WL 1401887, at *2 (S.D.N.Y. Apr. 4, 2013) ($200 per hour for three years of experience); *Anthony v. Franklin First Fin., LTD.*, 844 F. Supp. 2d 504, 508 (S.D.N.Y. 2012) ($175 per hour for three years of experience); *Jemine v. Dennis*, 901 F. Supp. 2d 365, 393 (E.D.N.Y. 2012) ($150 per hour for junior associate with less than one year of experience). Of course, this is not a commentary on the quality of representation—it is, rather, the numerical discrepancy that one would expect between an experienced ERISA associate like Isaac (who bills at a rate of $225 per hour) and a new attorney one year removed from law school. *See generally Apolinario*, 2015 WL 4522984, at *3. Nor have plaintiffs alleged that Roffe is experienced in ERISA cases. *Cf., e.g.*, *Trs. of Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Stevenson Contracting Corp.*, No. 05 Civ. 5546 (GBD) (DF), 2008 WL 3155122, at *11 (S.D.N.Y. June 19, 2008), *report and recommendation adopted*, 2008 WL 2940517 (S.D.N.Y. July 29, 2008).

As to legal assistants, the Court approves the requested rate of $100 per hour as in line with rates that courts in this District have commonly approved. *See, e.g.*, *Trs. of N.Y.C. Dist.*

*Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Anthony Rivara Contracting, LLC*, No. 14 Civ. 1794 (PAE), 2014 WL 4369087, at *5 (S.D.N.Y. Sept. 3, 2014) ($100); *Trs. of Sheet Metal Workers' Int'l Ass'n Local Union No. 28 Ben. Funds v. J. & A. Contractors Corp.*, No. 14 Civ. 4935 (KBF), 2014 WL 4733504, at *3 (S.D.N.Y. Sept. 4, 2014) ($100); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *5 (S.D.N.Y. Aug. 29, 2012) ($90); *Sheehan v. Metro. Life Ins. Co.*, 450 F. Supp. 2d 321, 328 (S.D.N.Y. 2006) ($150).

"As for the number of hours expended, courts uphold fee requests in ERISA cases when they determine that such fees are 'reasonable.'" *Finkel v. Jones Lang LaSalle Am., Inc.*, No. 08 Civ. 2333 (RRM) (RML), 2009 WL 5172869, at *5 (E.D.N.Y. Dec. 30, 2009) (citation omitted); *see also McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006). The Court has reviewed the detailed invoices provided by plaintiffs' counsel, and they reflect sound billing practices: They are thorough, detailed, relevant, easy to understand, containing limited block-billing,[2] with no evident duplication of effort. Accordingly, the Court finds the hours that counsel expended reasonable.

The Court therefore grants plaintiffs' counsel attorneys' fees in the amount of $9,105.06 (rather than $9,925.06, as requested).[3]

---

[2] Block-billing is the practice of "grouping multiple tasks into a single billing entry, so as to leave unclear how much time was devoted to each constituent task." *Doe v. Delta Airlines, Inc.*, No. 13 Civ. 6287 (PAE), 2015 WL 1840264, at *3 (S.D.N.Y. Apr. 21, 2015) (quoting *Themis Capital v. Democratic Republic of Congo*, No. 09 Civ. 1652 (PAE), 2014 WL 4379100, at *6 (S.D.N.Y. Sept. 4, 2014)).

[3] Because Roffe billed a total of 16.4 hours, the Court's fee award reflects a reduction of $820 (*i.e.*, 16.4 hours multiplied by $50 less, per hour ($225 compared to $175)) from the sum plaintiffs requested for Roffe's work.

### 2. Costs

To support their request for reasonable costs, plaintiffs' counsel included an itemization of the costs incurred over the course of this action. *See* Isaac Decl., Ex. A. Plaintiffs seek to recover $447.54 for costs, including postal charges and filing fees. *Id.* Courts in this Circuit will generally grant "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (quoting *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 416 (2d Cir. 1989)). Having reviewed plaintiffs' costs, the Court finds them reasonable and therefore awards plaintiffs' costs in the amount of $447.54.

Accordingly, the Court grants the plaintiffs' requests for reasonable attorneys' fees (as modified above) and for costs.

### CONCLUSION

For the foregoing reasons, the Court grants plaintiffs' motion to confirm the arbitration award and, as modified, for attorneys' fees and costs. The Clerk of Court is respectfully directed to terminate the motion pending at docket number 54.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: September 1, 2015
New York, New York